M. Grau e Hijos, Demandante y Apelada, v. Plaja,
Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez
en pleito sobre indemnización.

No. 2321.—Resuelto en julio 5, 1921.

Servidumbre—Venta de Finca Libre de Carga—Daños y Perjuicios—Demanda Prematura.—El comprador de un edificio que estaba libre de gravámenes según el registro y según la escritura de venta, descubrió que el techo de un edificio contiguo descansaba sobre su propiedad por medio de vigas que penetraban en la pared principal, por lo que, basándose en el artículo 1386 del Código Civil, reclamó daños y perjuicios del vendedor. Apelada la sentencia que concedió los daños *se resolvió:* Que no demostrando la existencia de las vigas dentro del muro por sí sola la de la carga o servidumbre no aparente que fija la ley, es necesario concluir que la demanda contra el vendedor es por lo menos prematura.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Benet & Souffront.*

Abogados de la apelada: *Sres. A. A. Vázquez, E. Acuña y J. Texidor.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Reclamó la sociedad demandante M. Grau e Hijos del demandado Federico Plaja la suma de tres mil dólares por daños y perjuicios y la corte, después de celebrado un juicio, dictó sentencia favorable a la demandante. El demandado interpuso entonces el presente recurso de apelación.

El 5 de febrero de 1918 el demandado vendió a la demandante, libre de toda carga y gravamen, por la suma de trece mil quinientos dólares un almacén de mampostería situado en Mayagüez. La parte sur del almacen está formada por un muro de 36 metros 80 centímetros de longitud por 7 metros 25 centímetros de alto y 56 centímetros de espesor, que constituye la pared principal y de mayor importancia de la finca y tiene un valor de cinco mil dólares según la demandante. A fines de octubre de 1918 con motivo de un terremoto la demandante vino en conocimiento de que sobre

el expresado muro descansaba el techo de un almacén contiguo por medio de seis grandes vigas que penetraban en el muro.  La demandante alegó que tal hecho constituía una servidumbre perpétua no aparente que depreciaba su propiedad y reclamó del vendedor los daños y perjuicios a que nos hemos referido.

Ambas partes están conformes en que la acción que aquí ejercita la demandante es la que emana del artículo 1386 del Código Civil Revisado, igual al 1483 del Código Civil antiguo.  Dicho precepto legal es como sigue:

"Si la finca vendida estuviese gravada, sin mencionarlo la escritura, con alguna carga o servidumbre no aparente, de tal naturaleza que deba presumirse no la habría adquirido el comprador si la hubiera conocido, podrá pedir la rescisión del contrato, a no ser que prefiera la indemnización correspondiente.

"Durante un año, a contar desde el otorgamiento de la escritura, podrá el comprador ejercitar la acción rescisoria, o solicitar la indemnización.  Transcurrido el año, sólo podrá reclamar la indemnización dentro de un período igual, a contar desde el día en que haya descubierto la carga o servidumbre."

Se necesita, pues, para que el comprador tenga derecho a la rescisión del contrato o a la indemnización correspondiente, que la finca se venda libre de gravámenes y que después resulte gravada con "alguna carga o servidumbre no aparente, de tal naturaleza que deba presumirse no la habría adquirido el comprador si la hubiera conocido."

Se alegó y se demostró cumplidamente el hecho de la compraventa del inmueble libre de gravámenes.  Y se alegó y el juez sentenciador declaró probada la existencia de una servidumbre no aparente de tal naturaleza que debía presumirse que de haberla conocido el comprador no hubiera adquirido la finca.  El demandado sostuvo y sostiene que tal hecho no se probó debidamente.  Y es ésta la verdadera cuestión fundamental envuelta en el recurso.

Dedica el apelante muchas páginas de su alegato a dis-

cutir la cuestión de si la servidumbre de que se trata era o no aparente. Después de un detenido estudio de la prueba practicada, estamos convencidos de que la conclusión a que llegó la corte de distrito en este extremo, o sea, que la demandante de hecho no notó ni estaba obligada a conocer la existencia de las vigas, es la justa y procedente. El almacén adquirido por la demandante se construyó primero, y luego, al construirse el almacén contiguo si bien se introdujeron las vigas en el muro indicado, es lo cierto que sus fachadas del frente y del fondo se edificaron de tal modo que inducía a creer que el almacén tenía su propio muro.

En ésto debe darse la razón al apelado, pero ¿la tiene también en la conclusión de que partió en su demanda y que declaró probada la corte de distrito, a saber: que existe aquí una servidumbre?

La demandante encontró las vigas, hecho que no conocía ni estaban en el deber de conocer cuando compró, y al parecer aceptó la existencia de una servidumbre perpétua no aparente, según sus propias palabras, y dirigió su acción contra el vendedor, usando del derecho que a su juicio le concedía el artículo 1386 del Código Civil Revisado. Pero el demandado sostuvo que no existía la servidumbre y lo demostró, *prima facie,* a nuestro juicio. El demandado había adquirido la finca algunos meses antes. Nada hay en los autos que demuestre que él tenía conocimiento actual de los hechos origen de este pleito. Vendió la finca libre de gravámenes. Libre de gravámenes estaba y está la finca en el registro. Y libre de gravámenes debe presumirse que la adquirió el tercero comprador, ya que se trataba de un gravamen no aparente. La actuación de la demandante debe estimarse por lo menos como prematura. Ella era la dueña del inmueble y la que debía defenderlo dirigiendo su investigación y acción contra el que lo atacara, en este caso el dueño del almacén contiguo. Del sólo hecho de la existencia de las vigas, única cosa que aquí se ha demostrado, no se

deriva el de la existencia de la servidumbre, y la demandante sólo podría dirigirse contra el demandado, de acuerdo con el repetido artículo 1386, cuando se hubiera cerciorado de la existencia de la carga o servidumbre no aparente de la naturaleza que fija el mismo legislador.

Por tales razones debe revocarse la sentencia apelada y desestimarse la demanda, sin especial condenación de costas y sin perjuicio de los derechos que puedan asistir a la demandante.

> *Revocada la sentencia apelada y declarada sin lugar la demanda.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.